Argued and submitted March 8, reversed and remanded June 29, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEANNA DOROTHY NEBERT,
*Defendant-Appellant.*

Washington County Circuit Court
D083501T; A141582

260 P3d 559

Neil Francis Byl, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services.

Erika L. Hadlock, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ORTEGA, P. J.

### ORTEGA, P. J.

Defendant appeals a judgment of conviction of reckless driving. ORS 811.140. She contends that the trial court erred by refusing to allow her to present evidence, pursuant to ORS 161.300, that she suffered from a mental disease or defect. We agree and therefore reverse and remand.

The charged acts arose from an incident in which, as defendant's trial counsel phrased it, defendant "drove in a scary way and * * * in a way that alarmed other people." Before trial, defendant filed a notice of intent to offer evidence of a mental disease or defect to negate the "reckless" mental state required by ORS 811.140. *See* ORS 161.309(2) (requiring a notice of intent to introduce expert testimony pursuant to ORS 161.300). The state moved to exclude such evidence, and the trial court granted the state's motion. The jury returned a guilty verdict, and the trial court entered judgment accordingly.

Defendant appeals, asserting that ORS 161.300 may be applied to a defendant who is charged with an act requiring a mental state of recklessness. She contends that her interpretation of the statute is supported by its text, context, and legislative history. The legislative history, she argues, reveals an intent for the statute to apply to any offense with a specific, identifiable mental element, including a reckless state of mind. The state responds that, although the text is ambiguous, the legislative history suggests that the legislature did not intend for ORS 161.300 to extend to crimes in which the mental state is recklessness. We conclude that the legislative history supports applying ORS 161.300 to offenses requiring a reckless mental state.

We begin with the pertinent statutes. As noted, defendant was convicted of reckless driving under ORS 811.140. ORS 811.140(2) provides that "recklessly," as used in the reckless driving statute, is defined in ORS 161.085. ORS 161.085(9) provides:

> " 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will

occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

On the issue of recklessness, defendant sought to offer evidence under ORS 161.300, which provides, "Evidence that the actor suffered from a mental disease or defect is admissible whenever it is relevant to the issue of whether the actor did or did not have the intent which is an element of the crime."

The question for us, then, is whether the legislature intended ORS 161.300 to apply when a reckless mental state is an element of the charged crime. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining that the paramount goal in statutory interpretation is discerning the legislature's intent, which is accomplished by first examining statutory text and context, along with any useful legislative history). As the Supreme Court has observed, ORS 161.300 allows a defendant to offer mental disease or defect evidence "to negate 'the intent which is an element of the crime.' One who succeeds in persuading the trier of fact with evidence admitted under this section is not guilty of the crime charged, because a necessary element of the crime is not established." *State v. Olmstead*, 310 Or 455, 462, 800 P2d 277 (1990).

In *Olmstead*, the issue was whether the defendant could raise an insanity defense to charges of driving under the influence of intoxicants (DUII) and driving while suspended (DWS). DUII and DWS are strict liability crimes involving no element of a culpable mental state. 310 Or at 461. ORS 161.300 did not apply in that case, because evidence bearing on intent is not material to a strict liability crime; nonetheless, the court examined ORS 161.300 to shed light on the insanity defense set out in ORS 161.295. 310 Or at 462-63. Thus, the analysis in *Olmstead* "suggests that 'partial responsibility' evidence is inadmissible only when no 'culpable mental element' is alleged, *i.e.*, when the crime charged is a strict liability crime." *State v. Smith*, 154 Or App 37, 46, 960 P2d 877 (1998).

In *Smith*, we concluded that the defendant could offer evidence under ORS 161.300 where "knowing" conduct

was charged. There, the defendant had been convicted of escape in the second degree. The indictment alleged that he had "knowingly" escaped from a correctional facility, and the defendant sought to offer evidence under ORS 161.300. 154 Or App at 39-40. We observed that, although the Criminal Code defines " 'intentionally' or 'with intent,' " ORS 161.085(7), ORS 161.300 instead uses the term "intent," which is not defined in the Criminal Code. *Smith*, 154 Or App at 47. We noted that, in common usage, "intent" could refer to "a particular mental state" but also could refer to a " 'state of mind or mental attitude' more generally." *Id.* (quoting *Webster's Third New Int'l Dictionary* 1176 (unabridged ed 1993)). That latter reading is "syntactically more logical, because ORS 161.300 refers to *'the* intent which is an element of the crime.' (Emphasis supplied.) Such a grammatical structure suggests that there are several 'intents,' any of which could be *'the'* intent that is an element of a particular crime." *Smith*, 154 Or App at 47-48 (footnote and citation omitted; emphasis in *Smith*). After turning to legislative history to resolve the ambiguity, we concluded that "the intent which is an element of the crime," as used in ORS 161.300, was meant to, "at least, include the 'knowing' mental state." *Id.* at 50. *Smith* thus identified the ambiguity in ORS 161.300 but did not decide the question that we confront here: whether the legislature intended "the intent which is an element of the crime" to include a mental state of recklessness.

ORS 161.300 was enacted as part of the comprehensive revision of substantive criminal law proposed by the Criminal Law Revision Commission. Despite some early discussions that suggest a narrower understanding, the legislative history suggests that ORS 161.300—which was Article 5, section 2, of the Commission's preliminary drafts and section 37 of the final draft—applies broadly enough to include a culpable mental state of recklessness. Professor George Platt, the reporter for Article 5, told the Criminal Law Revision Commission that

> "[a] person charged with a crime with a specific culpability element such as intent or knowledge—burglary, for example—under section 2 could raise the partial responsibility defense and then produce evidence he was suffering

from a mental disease or defect which would interfere with his ability to form the requisite knowledge or intent to commit the burglary."

Minutes, Criminal Law Revision Commission, Sept 12, 1969, 6. Similarly, Platt told the Senate committee considering the proposed revisions that section 37 "is a defense where the mental disease or makeup of the defendant may interfere with his ability to form the particular kind of intent required as a material element of the crime." Minutes, Senate Committee on Criminal Law and Procedure, SB 40, Feb 10, 1971, 3. Platt further explained that section 37 "is not a lack of responsibility which will excuse crime of any sort; it will excuse only crime charged which requires the state [to] show a specific mental element." *Id.* Later in that hearing, Frank Knight of the District Attorneys Association argued that section 37 was unnecessary in light of the proposed changes to the law concerning homicide; he further suggested that section 37 would relate only to crimes requiring a specific intent. *Id.* at 8-9. Platt then told the committee that section 37

"would apply to many kinds of crimes, other than homicide, where there is a specific, identifiable intent as a material element. He disagreed with Mr. Knight, contending that the partial responsibility defense does still directly relate to the new homicide provisions in the Proposed Code because under the new provisions, murder may only be committed intentionally, knowingly or recklessly with extreme indifference to life. All of these mental elements take a conscious formation of some capacity in the person's mind in order for him to understand that he is acting intentionally, knowingly or with extreme indifference to human life. The defendant should be allowed to present his evidence to try to convince a jury that because of mental disease or defect he was not capable of acting with these elements, which, if believed by a jury, would reduce his crime of murder to a lesser included crime of homicide, probably negligent homicide."

*Id.* at 9. In short, Platt's explanations to the legislature suggested that section 37 would apply if a mental disease or defect might prevent a defendant from consciously forming a mental element required as part of a crime—including, in the example of homicide, a mental state of recklessness with extreme indifference to human life.

The commentary to section 37 gives examples of the section's applicability to crimes such as burglary and first-degree murder, explaining that a defendant's mental disease or defect might directly affect his ability to form the specific intent or purpose required for those crimes. Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 37 (July 1970).

Consistently with the more plausible reading of the text of ORS 161.300, the legislative history suggests that the legislature meant "the intent which is an element of the crime" in ORS 161.300 to include a mental state of reckless-ness. Platt's statements and the commentary suggest that ORS 161.300 applies whenever a mental state element may be negated by evidence of a defendant's mental disease or defect. Like an intentional or knowing mental state, reckless-ness includes a subjective component that may be affected by a mental disease or defect. In this case, the crime of reckless driving requires such a subjective component: awareness of and conscious disregard of a substantial and unjustifiable risk. ORS 161.085(9). We therefore conclude that a defendant who is charged with a crime requiring proof of a "reckless" mental state may offer evidence under ORS 161.300 to negate that element. Thus, in this case, the trial court erred by granting the state's motion to exclude evidence of defen-dant's mental disease or defect.

Reversed and remanded.